STELLA DOLL, Plaintiff, *v.* KARL DOLL, Defendant.

Supreme Court, Special Term, Albany County, November 13, 1948.

*Reuben H. Kohn* for plaintiff.

No appearance for defendant.

BOOKSTEIN, J. This is an undefended action by the wife against the husband for an annulment of their marriage on the ground of an alleged fraud.

The marriage occurred November 8, 1930, and there is one child of the marriage born June 18, 1938.

The alleged fraud is the representation of the husband that he would terminate his relations with " another woman " which induced the marriage and the ultimate falsity of that representation.

Somewhat similar false representations have been held to constitute a valid basis for an annulment. (*Schinker* v. *Schinker*, 271 App. Div. 688.)

In that case the marriage occurred on January 11, 1945, and the parties lived together as husband and wife for two days, after which upon receipt of a telegram from the girl with whom the defendant represented that he had terminated his relations, defendant left the plaintiff to rejoin said girl.

Plaintiff and defendant in that case never saw each other again and she instituted her action in June, 1946.

In that case the representation and its falsity were completely established and corroborated by the direct and circumstantial evidence and there was no condonation or waiver of the fraud. The prompt institution of the action in and of itself was a circumstance corroborating the plaintiff's cause of action.

In this case, the action was instituted nearly eighteen years after the marriage and more than ten years after the birth of a child.

Assuming that false representations were made, the evidence discloses that their falsity was discovered soon after the marriage and on many occasions over the years. On each such occasion, plaintiff continued to cohabit with defendant, on the renewed promise of defendant to abandon the " other woman ", until, on September 6, 1948, plaintiff says that the defendant for the first time finally stated to plaintiff that he would not give up the " other woman " and that he never intended to give her up.

Plaintiff insists that until then she had no real evidence of the fraud. With that contention, this court cannot agree. It may well be that until that time, plaintiff had no admission from defendant of the fraud. Indeed, an annulment is specifically barred if it is based solely on the confession or admission of the other spouse. (Civ. Prac. Act, § 1143.) But plaintiff had evidence of the fraud, upon the first occasion when she discovered defendant's resumption of relations with the " other woman ".

Moreover, an annulment is likewise barred if there is voluntary cohabitation after full knowledge of the facts constituting the fraud. (Civ. Prac. Act, § 1139.)

In this case, clearly, voluntary cohabitation took place, after repeated discoveries of the alleged fraud. True, according to the plaintiff's version, on each occasion she had a renewed promise and, in thereafter cohabiting with defendant, she relied on such renewed promise. However, her reliance was no longer on the premarital promise or representation, already violated.

Upon discovery of the first violation and of the subsequent violations of the premarital promise, the fraud was discovered. Yet, plaintiff thereafter voluntarily cohabited with defendant.

True, she did so in reliance upon his new promises; very likely, she was animated by the good motive of endeavoring to preserve the marriage. Nevertheless, the ultimate fact is that, however good and noble her motives, she did voluntarily cohabit with defendant after discovery of the fraud.

While the Court of Appeals has held that laches does not bar an action to annul a marriage (*Campbell* v. *Campbell*, 264 N. Y. 616), laches however does militate against the corroboration that might otherwise exist in the circumstances and in the inferences to be drawn from the evidence.

Moreover, here there exists not alone laches but also voluntary cohabitation after discovery of the fraud.

As already pointed out an annulment cannot be based on the confession or admission of a spouse alone, but other satisfactory evidence of the facts must be produced. (Civ. Prac. Act, § 1143.)

The decree for an annulment of the marriage sought herein must be denied.

Submit findings and decree accordingly.